UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAM TRAN,<br><br>     Plaintiff,<br> v.<br><br>CLARK COUNTY SHERIFF'S OFFICE,<br><br>     Defendant. | Case No. C22-5456-BHS<br><br>REPORT AND RECOMMENDATION |

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint. Dkt. 1-1. Plaintiff is proceeding *pro se* in this matter. The IFP motion and application has been referred to the undersigned Magistrate Judge. Dkt. 1. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, the Court should deny plaintiff's motion for leave to proceed *in forma pauperis*.

Plaintiff brings this action against the Clark County Sherriff's Office alleging violations of plaintiff's rights. Dkt. 1-1. Plaintiff alleges that on March 28, 2020, he was "arrested for domestic violence and locked up for 3 days. Was not allowed to come home for almost 6 months." Dkt. 1-1 at 5. Plaintiff alleges that because of defendant's conduct he was "basically homeless". Dkt. 1-1 at 5.

The Court issued an order explaining that plaintiff's complaint failed to state a cause of action under 42 U.S.C. § 1983 because plaintiff did not provide any facts

REPORT AND RECOMMENDATION - 1

1  explaining how any entity or individual defendant violated plaintiff's rights. Dkt. 3. The
2  Court directed plaintiff to show cause why the complaint should not be dismissed or file
3  a proposed amended complaint to cure, if possible, the deficiencies identified in the
4  Court's order. Dkt. 3. The Court set the deadline for plaintiff to show cause or file an
5  amended complaint for July 29, 2022.

6        The Court granted plaintiff's motion for extension of time, extending the deadline
7  to respond to the Court's order to September 30, 2022. Dkt. 5. Plaintiff has not filed a
8  response to the Court's order and has not filed a proposed amended complaint
9  correcting the deficiencies identified in the Court's order.

10       Based on plaintiff's failure to file a timely response to the Court's Order to Show
11 Cause and because plaintiff's proposed complaint remains fatally deficient, the Court
12 should deny plaintiff's motion for IFP.

13       CONCLUSION

14       Because plaintiff has been granted the opportunity to state a viable claim under
15 42 U.S.C. § 1983 by filing an amended complaint – but has failed to file a response or
16 proposed amended complaint, the Court should deny the motion for IFP. A plaintiff is
17 not entitled to submit written objections to the Magistrate Judge's report and
18 recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152
19 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to proceed IFP is
20 an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir.
21 1988)*.*

22       The Court should direct plaintiff to pay the Court filing fee within 21 days of
23 adoption of this order if he wishes to proceed with this action. If plaintiff fails to pay the
24
25

REPORT AND RECOMMENDATION - 2

Court filing fee, the Clerk of the Court should be directed to close the case. Plaintiff should be aware that if he pays the filing fee, and if the case is later dismissed by the Court (with or without prejudice) for failure to state a claim, or because it is frivolous or malicious, then the dismissal would be counted as a strike under the PLRA. *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1726-1727 (2020).

Dated this 12th day of October, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3